UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-24586-CIV-SEITZ/O'SULLIVAN

JESSICA RUIZ,

    Plaintiff,

vs.

MIG/PINES DEVELOPMENT, LTD.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's Amended Motion to Remand [DE-6]. Plaintiff moves to remand this diversity action based on Defendant's failure to remove the case within one year of its commencement and failure to establish that the amount in controversy exceeds $75,000. The complaint alleges a single cause of action for negligence. Because Defendant did not remove this action within one year of its commencement, Plaintiff's Motion to Remand is granted.

**Procedural History**

Plaintiff filed this action on August 17, 2009 in the 17th Judicial Circuit in and for Broward County. The case was assigned case number 09-045303 CA 05. Plaintiff's initial complaint named Windsor Pines Condominiums Association, Inc. (Windsor Pines) as defendant. Plaintiff later learned that Windsor Pines was the wrong party and filed an amended complaint, misnamed "Second Amended Complaint," naming MIG/Pines Development, Ltd. as defendant. On May 11, 2010, MIG/Pines was served with a summons and the amended complaint. The summons had the style of the case on it and case number 09-045305 CA 05 typed on it, with the

last 5 in the 09-045305 number crossed out and a 3 handwritten in its place. The amended complaint had case no 09-045305 CA 05 listed. A misnamed "Third Amended Complaint," which established diversity of citizenship, was filed on December 6, 2010 with case no. 09-045303 CA 05 in its style. Thereafter, on December 22, 2010 Defendant filed its Notice of Removal.

**The Motion to Remand**

Plaintiff's Motion raises two bases for remand: (1) the Notice of Removal was untimely filed under 28 U.S.C. § 1446(b) and (2) the amount in controversy does not exceed $75,000. Removal statutes are strictly construed and any doubts or ambiguities must be resolved in favor of remand. *See Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). The removing party bears the burden of demonstrating that removal was proper. *Id.* Defendant has not met that burden.

Section 1446(b) states, in its entirety:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Defendant argues that pursuant to *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the one year begins to run from the time the action is commenced against

Defendant, not the time the action is initially commenced. Defendant's reliance on *Murphy Brothers* is misplaced because *Murphy Brothers* involved the interpretation of a different part of § 1446(b). *Murphy Brothers* dealt with the portion of § 1446(b) that requires removal within thirty days after the defendant has been served. Those portions of § 1446(b) explicitly use the language "receipt by the defendant." The portion of § 1446(b) that requires removal within "1 year after commencement of the action" excludes the reference to "the defendant." Thus, this language indicates that removal must be done within one year of commencement of the action, i.e., when the action was filed.[1]

Defendant also argues that the state court action was not commenced until May 13, 2010 when the Plaintiff filed her misnamed Second Amended Complaint under a new case number. However, this argument is specious. A quick look at the Broward County Clerk of Court's website indicates that Plaintiff only filed one action. Clearly, the new case number relied upon by Defendant, 09-045305 CA 05, was a typographical error, given that the original case number was 09-045303 CA 05.[2] Further supporting this conclusion is the summons served on Defendant, a copy of which is attached to the Notice of Removal, which has the wrong case number, 09-045305, typed on it but with the last digit crossed out and replaced by a handwritten

---

[1]This definition of commencement of the action comports with Florida law which states that:

> Every action of a civil nature *shall be deemed commenced when the complaint or petition is filed* except that ancillary proceedings shall be deemed commenced when the writ is issued or the pleading setting forth the claim of the party initiating the action is filed.

Fla. R. Civ. P. 1.050 (emphasis added).

[2]The Broward County Clerk's Office website also shows that case number 09-045305 CA 05 is styled *Suntrust Mtg., Inc. v. Kevin Prescot* and is a mortgage foreclosure action.

3, which is the correct case number, and the correct case number on the "Third Amended Complaint." Thus, the one year time period of § 1446(b) runs from August 17, 2009, when case no. 09-045303 CA 05 was initially filed. Consequently, Defendant's Notice of Removal filed on December 22, 2010 is untimely.

Defendant also argues that the one year time period of § 1446(b) was equitably tolled or waived. However, Defendant has failed to establish the elements supporting a claim of waiver or shown that equitable tolling is appropriate. Again, the burden is on the removing party to establish that removal was proper. Accordingly, it is hereby

ORDERED that:

1. Plaintiff's Amended Motion to Remand [DE-6] is GRANTED. This action is REMANDED to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida for all further proceedings.

2. All motions not otherwise ruled upon are DENIED as moot.

3. This case is CLOSED.

DONE and ORDERED in Miami, Florida, this __6__ day of April, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record